U.S. DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JUN   3 2026

FILED/REC'D
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.

JIMMY DAVIS JR. and
JD DAVIS ENTERPRISES, LLC,

Defendants.

SEALED INDICTMENT

Case No. 26   CR   070   JDP

18 U.S.C. § 1347
18 U.S.C. § 982

---

THE GRAND JURY CHARGES:

### INTRODUCTORY ALLEGATIONS

1.  At times material to the indictment:

     a.      Defendant JIMMY DAVIS JR. owned and operated JD DAVIS ENTERPRISES, LLC, a business located in Milwaukee, Wisconsin.

     b.      JD DAVIS ENTERPRISES, LLC provided non-emergency medical transportation services to qualified members of Wisconsin's Medicaid Program. The business provided these services through a contract with MyChoice Wisconsin ("MyChoice"), a Managed Care Organization in the State of Wisconsin.

     c.      In the provider agreement with MyChoice, JIMMY DAVIS JR. and JD DAVIS ENTERPRISES, LLC agreed to submit accurate claims to Wisconsin Medicaid using the "Clean Claim Submission Process."

     d.      JIMMY DAVIS JR. maintained a business bank account at Chase Bank in the name of JD DAVIS ENTERPRISES, LLC. DAVIS JR. elected to have

Wisconsin Medicaid claim reimbursement funds directed to this account. JIMMY DAVIS JR. was a signatory and primary user of the bank account.

### The Wisconsin Medicaid Program

e.      Medicaid was a program jointly funded by the federal government and participating states to provide health insurance to indigent families with dependent children, and to aged, blind, and disabled individuals whose income and resources are insufficient to meet the cost of medical services.  42 U.S.C. §§ 1396, et seq. (the "Medicaid Act").

f.      In Wisconsin, the Medicaid program was established pursuant to Wisconsin Statutes Chapter 49 and its administrative regulations. The federal government pays for a portion of Wisconsin's Medicaid program.

### Non-Emergency Medical Transport Providers in Wisconsin

g.      Family Care is a Wisconsin Medicaid long-term care program established to assist older adults and adults with physical, developmental, or intellectual disabilities. The Wisconsin Department of Health Services contracts with "MyChoice," a Managed Care Organization, to manage the Family Care program for qualified members.

h.      One service provided through Family Care is non-emergency medical transportation services ("NEMT Services"), which allows qualified members to be transported from one location to another. Providers  who wish to provide NEMT Services must contract with MyChoice.

i.      Providers who provide NEMT Services submit claims for reimbursement to their contracted Managed Care Organization. If the claims are approved, the Managed Care Organization pays the reimbursement to the provider using Wisconsin Medicaid funds it receives from the Wisconsin Department of Health Services located in Madison, Wisconsin.

j.      To participate as an NEMT Services provider with MyChoice, providers  must agree to only submit "Clean Claims." Clean Claims are defined as claims that have all the required fields completed with the correct information and adhere to the "Clean Claim Submission Process" outlined in the Provider Handbook.

k.      The Provider Handbook states that the provider is responsible for submitting a Clean Claim that is free from errors. A Clean Claim must accurately state necessary information including the member's information, the date(s) of service, service codes, and the units of service provided to the member. Units are defined as one-way trips.

l.      Additionally, Wisconsin state and federal law prohibit Medicaid providers from submitting claims containing materially false information. Wis. Stat. § 946.91(2)(a); 18 U.S.C. § 1035.

COUNTS 1-14

1.      The Introductory Allegations are incorporated here.

2.      Beginning in or about May 2022, and continuing through on or about January 2024, in the Western District of Wisconsin and elsewhere, the defendants,

3

JIMMY DAVIS JR.
and
JD DAVIS ENTERPRISES, LLC,

knowingly and willfully carried out and attempted to carry out a scheme to defraud a health care benefit program, namely Wisconsin Medicaid, and to obtain, by means of materially false and fraudulent representations, money and property owned by, and under the custody and control of such program, in connection with the delivery of and payment for health care benefits, items, and services.

3.   It was part of the scheme to defraud that through his company JD DAVIS ENTERPRISES, LLC, JIMMY DAVIS JR. repeatedly submitted and caused to be submitted, claims for payment to Wisconsin Medicaid based on false and fraudulent statements.

4.   It was part of the scheme to defraud that DAVIS JR. repeatedly submitted and caused to be submitted, claims for mileage that were inflated and claims for transportation that never occurred. These false claims caused Wisconsin Medicaid to pay JD DAVIS ENTERPRISES, LLC money to which the business was not entitled.

5.   It was further part of the scheme to defraud that, in response to official government requests for business records, JIMMY DAVIS JR. falsely claimed that the records were lost.

6.   For the purpose of executing the scheme described above, and in connection with the delivery of and payment for health care benefits, items, and services, DAVIS JR. knowingly and willfully submitted and caused the submission

4

of the following materially false and fraudulent claims on the dates below, which falsely represented the nature of the provider's interaction with the member indicated below, falsely represented that covered services were provided, and falsely represented the mileage driven when covered services were provided, described below for each count:

| Count | Claim Number (ending in) | Service Date(s) | Billed Date | Member | Units Billed | Amount Billed | Amount Paid |
|---|---|---|---|---|---|---|---|
| 1 | 374100 | 10/26/23-10/27/23 | 10/27/23 | R.H. | 999 | $15,993.99 | $15,993.99 |
| 2 | 197300 | 11/20/23-11/24/23 | 11/30/23 | R.H. | 999 | $15,993.99 | $15,993.99 |
| 3 | 200500 | 11/20/23-11/30/23 | 11/30/23 | R.H. | 999 | $15,993.99 | $0 |
| 4 | 577400 | 7/24/23-7/27/23 | 7/27/23 | D.P. | 76 | $1,216.76 | $1,216.76 |
| 5 | 516100 | 7/24/23-7/27/23 | 7/27/23 | D.P. | 56 | $896.56 | $896.56 |
| 6 | 875900 | 9/1/23-9/8/23 | 10/31/23 | J.E. | 720 | $11,527.20 | $11,527.20 |
| 7 | 875500 | 9/9/23-9/30/23 | 10/31/23 | J.E. | 999 | $15,993.90 | $15,993.90 |
| 8 | 066100 | 11/18/23-11/19/23 | 11/19/23 | J.E. | 999 | $15,993.90 | $15,993.90 |
| 9 | 197900 | 11/20/23-11/24/23 | 11/30/23 | J.E. | 999 | $15,993.90 | $15,993.90 |
| 10 | 347600 | 11/25/23-11/26/23 | 11/26/23 | J.E. | 999 | $15,993.90 | $15,993.90 |
| 11 | 327500 | 12/30/23-12/30/23 | 01/03/24 | J.E. | 999 | $15,993.90 | $0 |
| 12 | 971500 | 12/30/23 | 01/08/24 | J.E. | 999 | $15,993.90 | $0 |
| 13 | 186200 | 10/21/23-10/22/23 | 10/22/23 | K.S. | 420 miles | $554.40 | $554.40 |
| 14 | 170300 | 11/1/23-11/30/23 | 11/30/23 | K.S. | 840 Miles | $1,108.80 | $1,108.80 |

5

(All in violation of Title 18, United States Code, Section 1347).

FORFEITURE ALLEGATION

1.      As a result of the offenses charged in Counts 1-14 of this indictment, the defendants, JIMMY DAVIS JR. and JD DAVIS ENTERPRISES LLC, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations. The property to be forfeited includes but is not limited to a money judgment, specifically, a sum of money equal to $873,573.61, representing the amount of proceeds obtained as a result of the healthcare fraud.

2.      If any of the property described above, as a result of any act or omission of the defendants:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or,

      e.  has been commingles with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
PRESIDING JUROR

Indictment returned: 6/3/26

_____
CHADWICK M. ELGERSMA
United States Attorney

7